Smith,
dissenting: The question presented by these proceedings is whether the petitioner is entitled to a stepped-up basis in computing depreciation allowances and profit or loss on the sale of assets acquired. The petitioner is not entitled to such stepped-up basis provided it acquired the assets in question in connection with a reorganization and immediately thereafter an interest or control in such property of 80 per centum or more remained in the same persons as before. The parties have stipulated that the assets were acquired by the petitioner in connection with a reorganization. This means that the former owners were not subjected to income tax in respect of any profits accruing to them as a result of the transfer. The real question then is whether immediately after the transfer an interest or control in the property of 80 per centum or more remained in the same persons or any of them.
The law is well settled that until the performance of a condition laid down in an escrow agreement, the legal title to the escrowed property remains in the grantor. County of Calhoun v. American Emigrant Co., 93 U. S. 124. The escrowed property in the proceed- *596 mgs at bar consisted of the bonds and of all the shares of stock of the petitioner corporation. Who was the owner of those bonds and shares while held by the escrow agent? Manifestly, it was not Parker & Co. Under the terms of the escrow agreement Parker & Co. was not to become the owner of any of them until it deposited cash with the escrow agent for their purchase and it was under no binding obligation to make such deposit. If Parker & Co. did not purchase them they were eventually to be turned back to the former stockholders of the consolidating companies. The real owners therefor were such stockholders.
I do not think that the words “ immediately after the transfer ” refer to a time long after the petitioner corporation acquired the assets. The principle invoked by the court and by the Board in West Texas Refining & Development Co. v. Commissioner, 68 Fed. (2d) 77; Charles Hall, 31 B. T. A. 125; and Spang Chalfant & Co., 31 B. T. A. 721, is not applicable here. The principle which is applicable is that invoked in Monarch Electric & Wire Co. v. Commissioner, 38 Fed. (2d) 417, affirming 12 B. T. A. 158; and Durand-McNeil-Horner Co., 30 B. T. A. 769. In my opinion the petitioner is not entitled to compute depreciation and profit or loss on the sale of the assets upon a stepped-up basis.